O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN REILLY and PATTY REILLY, | ) ) ) | Case No. CV 14-07936 DDP (PJWx) |
| Plaintiffs, | ) ) | **ORDER GRANTING MOTION TO DISMISS** |
| v. | ) ) | [Doc. No. 9] |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

Presently before the Court is Defendant's Motion to Dismiss. Having heard oral arguments and considered the parties submissions, the Court adopts the following order.

I.   **BACKGROUND**

In 2002, Plaintiff John Reilly was diagnosed with a terminal pulmonary disease, Chronic Thromboemolic Disease causing severe Pulmonary Hypertension. (Complaint, Dkt. No. 1, 4.) Plaintiffs assert that Mrs. Reilly has "never participated in the management of the couples' financial affairs during their 39-year marriage," and that Mrs. Reilly sunk into a deep depression when Mr. Reilly

///

became ill, which additionally prevented her from managing the family's financial affairs. (Id. 5.)

Plaintiffs John and Patty Reilly made estimated tax payments during the tax years 2001-2011, but did not timely file their federal income tax returns for those tax years. (Id.) Plaintiffs filed their tax return for tax year 2002 on April 22, 2010, and for tax years 2003, 2004, and 2005 on February 9, 2010. (Defendant's Motion to Dismiss, Dkt. No. 9, Exs. 1-4.) On or about December 10, 2013, Plaintiffs filed with the Internal Revenue Service ("IRS") administrative claims for refund for tax years 2002 through 2005. (Plaintiffs' Opposition to Motion to Dismiss, Dkt. No. 10, at 2.) Plaintiffs attached to their claims a letter from Mr. Reilly's treating physician, Dr. Shukla, dated May 2, 2011. (Compl., Ex. A.) Dr. Shukla's letter explained Mr. Reilly's medical diagnosis and included his opinion that any "lack of tax compliance" was dictated by Mr. Reilly's medical condition. (Id.) Plaintiffs did not attach a letter from Mrs. Reilly's treating physician to their claims. (Opp. at 9.) Dr. Shukla's letter included his opinion regarding Mrs. Reilly's depression, and stated that "until 2008 Mrs. Reilly was unable to provide the needed medical or financial assistance. . . ." (Compl., Ex. A.) Dr. Shukla's letter did not include a certification as to its contents. (Id.)

The Plaintiffs' claims for refund also did not contain a statement by the person signing the claims, Mr. Reilly, that no other person was authorized to act on his behalf during his medical condition. On or about April 4, 2014, the IRS denied Plaintiffs' claims for refund on the grounds that the administrative refund claims were not timely filed. (Compl. 10, Ex. B.; Mot. at 2.)

2

1    Plaintiffs bring this action seeking judgment that they are
2  entitled to refund of over-paid taxes for the years 2002 through
3  2005.  (Compl.)  Defendant has brought this motion to dismiss under
4  Federal Rule of Civil Procedure 12(b)(1), for lack of subject
5  matter jurisdiction.  (Mot. at 2, 3-4.)  Defendant argues this
6  Court lacks jurisdiction because the United States has not waived
7  sovereign immunity, as Plaintiffs have failed to establish such a
8  waiver by either filing timely claims or by proving the period of
9  limitations was tolled due to "financial disability" (as defined in
10  28 U.S.C. section 6511(h) and Rev. Proc. 99-21).  (Mot. at 2,
11  9-10).

12    In opposition to Defendant's motion, Plaintiffs submitted
13  declarations of Dr. Shukla and their CPA, John Ellis, as exhibits.
14  (Opp., Exs. B, C.)  Dr. Shukla's declaration states that Mr.
15  Reilly's medical condition causes Mr. Reilly to be physically
16  disabled and this disability prevents him from managing his
17  financial affairs."  (Opp., Ex. B.)  The declaration also states
18  that Mr. Reilly has been disabled by his condition since "at least
19  May 2002 and continues to . . . be disabled to this date."  (Opp.,
20  Ex. B.)  Dr. Shukla's declaration, dated January 15, 2015,
21  certifies his declaration and his May 2, 2011, letter.  (Id.)
22  The declaration of John Ellis, plaintiffs' CPA, states that, prior
23  to April 19, 2011, no other person was authorized to act on Mr.
24  Reilly's behalf, including Mrs. Reilly, and that no other person
25  was authorized to act on Mrs. Reilly's behalf, including Mr.
26  Reilly.  (Opp., Ex. C.)  Mr. Ellis's declaration states Plaintiffs
27  granted Mr. Ellis power of attorney on or about April 19, 2011.
28  (Id.)

## II.  LEGAL STANDARD

On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the party asserting jurisdiction bears the burden of proof that jurisdiction exists.  <u>Sopak v. Northern Mountain Helicopter Serv.</u>, 52 F.3d 817, 818 (9th Cir. 1995).  A motion under Rule 12(b)(1) may challenge the court's jurisdiction facially, based on the legal sufficiency of the claim, or factually, based on the legal sufficiency of the jurisdictional facts.  <u>White v. Lee</u>, 227 F.3d 1214, 1242 (9th Cir. 2000)(citing 2 James Wm. Moore et al., <u>Moore's Federal Practice</u> 12.30[4], at 12-38 to 12-41 (3d ed.1999)).

Where the motion attacks the complaint on its face, the court considers the complaint's allegations to be true, and draws all reasonable inferences in the plaintiff's favor.  <u>Doe v. Holy See</u>, 557 F.3d 1066, 1073 (9th Cir. 2009) (citing <u>Wolfe v. Strankman</u>, 392 F.3d 358, 362 (9th Cir. 2004)).  Where the motion challenges the substance of jurisdictional allegations, the court does not presume the factual allegations to be true, and may consider evidence such as affidavits and testimony to resolve factual disputes regarding jurisdiction.  <u>McCarthy v. United States</u>, 850 F.2d 558, 560 (9th Cir. 1988).

## III. DISCUSSION

## A.  Jurisdiction Generally

The United States has sovereign immunity from suit unless waived.  <u>Vacek v. U.S. Postal Serv.</u>, 447 F.3d 1248, 1250 (9th Cir. 2006).  Similarly but separately, federal district courts have limited jurisdiction and can only hear the courts they are authorized to hear by Congress.  <u>Id.</u>  Some statutes provide both

1    jurisdictional authorization and waiver of immunity.  Even where

2    the statute provides the necessary grant of statutory

3    authorization, however, a party's failure to comply with the

4    conditions the statute sets on the waiver of immunity can deprive

5    the court of the power to hear the case.  Dunn & Black, P.S. v.

6    United States, 492 F.3d 1084, 1089 (9th Cir. 2007).  Thus, failure

7    to meet the conditions of waiver set forth in the statute is a

8    jurisdictional bar to suit.  United States v. Dalm, 494 U.S. 596,

9    608 (1990) ("[T]he terms of [the sovereign's] consent to be sued in

10   any court define that court's jurisdiction to entertain the

11   suit.").

12   **B.   "Facial Attack" Versus "Speaking Motion": the Appropriate**

13   **     Level of Factual Inquiry**

14        "A motion to dismiss for lack of subject matter jurisdiction

15   may either attack the allegations of the complaint or may be made

16   as a 'speaking motion' attacking the existence of subject matter

17   jurisdiction in fact."  Thornhill Publ'g Co. v. Gen. Tel. & Elecs.

18   Corp., 594 F.2d 730, 733 (9th Cir.1979).  "[W]here the

19   jurisdictional issue is separable from the merits of the case, the

20   judge may consider the evidence presented with respect to the

21   jurisdictional issue . . . ."  Id.  Defendants do not appear to

22   argue that jurisdiction does not exist on the face of the

23   pleadings, but they do dispute the factual underpinnings of the

24   jurisdictional statement.  Specifically, they argue that Plaintiffs

25   did not file timely refund claims with the Internal Revenue Service

26   ("IRS"), and that filing of such a claim is a condition of the

27   waiver of immunity provided by 28 U.S.C. § 1346.

28

1    Plaintiffs bear the burden of establishing jurisdiction.

2    Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377

3    (1994).  Because Defendant has presented a "speaking motion,"

4    challenging the facts underlying Plaintiffs' jurisdictional

5    statement, the Court may look to the evidence to attempt to resolve

6    the factual dispute.  Nonetheless, summary judgment standards

7    apply, and the Court may only dismiss for lack of jurisdiction if

8    "the material jurisdictional facts are not in dispute and the

9    moving party is entitled to prevail as a matter of law."

10   Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553,

11   1558 (9th Cir. 1987).

12   **C.   Plaintiffs' Suit for Refund is Time-Barred Unless They Fall**

13   **Within a Statutory Tolling Provision**

14       28 U.S.C. § 1346(a)(1), on which Plaintiffs rely for

15   jurisdiction, (Compl. ¶ 3), provides that: "[t]he district courts

16   shall have original jurisdiction . . . of: (1) Any civil action

17   against the United States for the recovery of any internal-revenue

18   tax alleged to have been erroneously or illegally assessed or

19   collected . . . ."  However, the waiver of sovereign immunity

20   embodied in § 1346 is bounded by its administrative claim

21   requirement, 26 U.S.C. § 7422(a), and the statute of limitations

22   for such administrative claims, 26 U.S.C. § 6511.  Dalm, 494 U.S.

23   at 610; Dunn & Black, 492 F.3d at 1088-89.

24       It is undisputed that Plaintiffs did not file claims within

25   the statute of limitations period.  Plaintiffs concede that they

26   "did not timely file their federal income tax returns for tax years

27   2002 through 2005" and that they did not file an administrative

28

1  claim until 2013.  Thus, absent tolling, Plaintiffs' claim would be

2  time-barred, and the waiver of sovereign immunity would not apply.

3  **D.   Section 6511(h) Tolling Analysis**

4       Plaintiffs contend that the statute of limitations was tolled

5  as provided under 26 U.S.C. § 6511(h)(1): "the running of the

6  periods specified in subsections (a), (b), and (c) shall be

7  suspended during any period of [an] individual's life that such

8  individual is financially disabled."  "[A]n individual is

9  financially disabled if such individual is unable to manage his

10  financial affairs by reason of a medically determinable physical or

11  mental impairment of the individual which can be expected to result

12  in death or which has lasted or can be expected to last for a

13  continuous period of not less than 12 months."  26 U.S.C. §

14  6511(h)(2)(A).  Defendant argues that Plaintiffs do not meet the

15  stringent requirements of the tolling provision, because (1) they

16  did not provide the IRS with adequate proof of the disability, and

17  (2) tolling does not apply unless there is no person authorized to

18  manage the disabled person's financial affairs.

19       The statute at issue imposes a bright line limit on financial

20  disability tolling.  "An individual *shall not* be considered to have

21  [a financial disability] unless proof of the existence thereof is

22  furnished in such form and manner as the Secretary may require."

23  26 U.S.C. § 6511(h)(2)(A) (emphasis added).  The Secretary has set

24  forth regulations governing proof of financial disability at Rev.

25  Proc. 99-21.  Thus, unless Plaintiffs provided the IRS with proof

26  of their disability in the "form and manner" required by 99-21, the

27  Court does not have jurisdiction – even if Plaintiffs actually

28

1  suffered a "physical or mental impairment" preventing them from

2  attending to their financial affairs.  26 U.S.C. § 6511(h)(2)(A).

3       Rev. Proc. 99-21, § 4 sets forth the required manner of proof

4  as follows:

5            Unless  otherwise  provided  in  IRS  forms  and
             instructions, the following statements are to be
6            submitted with a claim for credit or refund of tax to
             claim financial disability for purposes of § 6511(h).
7                 (1) a written statement by a physician (as
                  defined in § 1861(r)(1) of the Social Security
8                 Act, 42 U.S.C. § 1395x(r)), qualified to make
                  the determination, that sets forth:
9                      (a) the name and a description of the
                       taxpayer's physical or mental impairment;
10                     (b) the physician's medical opinion that
                       the physical or mental impairment prevented
11                     the taxpayer from managing the taxpayer's
                       financial affairs;
12                     (c) the physician's medical opinion that
                       the physical or mental impairment was or
13                     can be expected to result in death, or that
                       it has lasted (or can be expected to last)
14                     for a continuous period of not less than 12
                       months;
15                     (d)  to  the  best  of  the  physician's
                       knowledge, the specific time period during
16                     which the taxpayer was prevented by such
                       physical or mental impairment from managing
17                     the taxpayer's financial affairs; and
                       (e) the following certification, signed by
18                     the physician:
                            I hereby certify that, to the best of
19                         my knowledge and belief, the above
                           representations are true, correct, and
20                         complete.
                  (2) A written statement by the person signing
21                the claim for credit or refund that no person,
                  including the taxpayer's spouse, was authorized
22                to act on behalf of the taxpayer in financial
                  matters during the period described in paragraph
23                (1)(d) of this section.

24  Rev. Proc. 99-21, § 4. 1999-1 C.B. 960 (1999).

25       Plaintiffs submitted a doctor's statement with their

26  administrative claim.  (Compl., Ex. A)  Defendant contends that, as

27  to Patty Reilly, the doctor's statement is deficient because the

28  doctor never treated her.  As to John Reilly, Defendant argues that

1    the doctor's letter is deficient because (1) it does not contain a

2    signed certification as required by § 4(1)(e); (2) it was written

3    in 2011 and so does not cover the entire period (through 2013) that

4    Plaintiffs wish to toll the statute of limitations; and (3) it does

5    not contain a statement that no one was authorized to act on Mr.

6    Reilly's behalf.  (Mem. P. & A. ISO Mot. Dismiss at 9.)

7        As to Patty Reilly, Defendants are correct that she has not

8    complied with Rev. Proc. 99-21.  "[W]here there is no physician

9    statement whatsoever," the taxpayer cannot be said to have complied

10   with the Secretary's requirements.  Bowman v. I.R.S., No. CIV

11   S090167MCEGGHPS, 2010 WL 2991712, at *4 (E.D. Cal. July 29, 2010)

12   report and recommendation adopted, No. 2:09-CV-00167, 2010 WL

13   3516685 (E.D. Cal. Sept. 8, 2010).  The physician statement

14   provided is in all relevant respects not a physician statement as

15   to Patty Reilly.

16       As to John Reilly, the compliance question is less clear.

17   District courts sometimes require only "substantial compliance"

18   with 99-21's requirements in order to satisfy the "form and manner"

19   requirement of 26 U.S.C. § 6511(h)(2)(A).  See Bowman v. I.R.S.,

20   No. CIV S090167MCEGGHPS, 2010 WL 2991712 (E.D. Cal. July 29, 2010);

21   Abston v. C.I.R., No. 4:10 CV 1019 DDN, 2011 WL 7192909 (E.D. Mo.

22   Nov. 8, 2011) aff'd, 691 F.3d 992 (8th Cir. 2012); Walter v. United

23   States, No. 09-420, 2009 WL 5062391 (W.D.Pa. Dec. 16, 2009).  The

24   "substantial compliance" doctrine is grounded in a set of circuit-

25   level and Supreme Court cases allowing "informal claims" to provide

26   the IRS fair notice as to a taxpayer's grounds for a refund, even

27   if such informal claims do not strictly "comply with formal

28

                                  9

1  requirements of the statute and regulations." <u>United States v.</u>
2  <u>Kales</u>, 314 U.S. 186, 194 (1941).

3       Indeed, Defendant concedes as much: "Admittedly, courts have
4  allowed taxpayers to amend complaints to cure *technical* issues such
5  as proper certification language . . . ." (Reply at 5:12-13
6  (emphasis added).) However, Defendant argues that the letter is
7  *substantively* flawed, because it "provided no information regarding
8  Mr. Reilly's ability to manage his financial affairs for the period
9  May 2, 2011, through December 13, 2013." (<u>Id.</u> at 5:16-17.)

10      The Court is unconvinced that the physician statement is
11  substantively flawed, for two reasons.  First, the physician's
12  letter, which spoke in the present tense of Mr. Reilly's medical
13  requirements and stated that he was "only still here due to his
14  perseverance, and to the 'Grace of God,'" put the IRS on reasonable
15  notice that his medical issues were ongoing and unlikely to have
16  suddenly reversed course.  (Compl., Ex. A.)  The IRS could easily
17  have inferred from the 2011 letter that the disability was present
18  through the period of requested tolling.  Second, the doctor here
19  has submitted a supplemental statement stating that Mr. Reilly's
20  disability has continued to the present day (and including the
21  necessary certification).  (Opp'n, Ex. B.)  Later amendment or
22  supplementation of the claim to cure the defect can render the
23  flawed claim sufficient.  <u>Bowman</u>, 2010 WL 2991712 at *4; <u>see also</u>
24  <u>Kales</u>, 314 U.S. at 194 (informal claim "will nevertheless be
25  treated as a claim where formal defects and lack of specificity
26  have been remedied by amendment filed after the lapse of the
27  statutory period").  Given the obvious implications of the original
28

1  statement, the Court finds that the doctor's supplemental statement

2  could be sufficient to allow jurisdiction.

3      More problematic, however, is the lack of a statement by Mr.

4  Reilly affirming that there was no one authorized to attend to his

5  financial affairs during the period of disability.  The statute

6  specifically bars tolling for any individual "during any period

7  that such individual's spouse or any other person is authorized to

8  act on behalf of such individual in financial matters."  26 U.S.C.

9  § 6511(h)(2)(B).  The statement that there was no authorized person

10 is therefore likely a substantive, not technical, requirement of

11 the agency's regulations.

12     The claim submitted to the IRS simply does not appear to

13 contain any such statement, in any form.  The closest Plaintiffs

14 appear to have come to any statement about an authorized person is

15 in the *physician's* statement, which says:

16              I have been informed that the Reilly's [sic] filed
               their taxes jointly for all 35 years of their
17              marriage, they have never comingled [sic] their funds
               and have always had their assets divided as sole and
18              separate property.  Until 2008 Mrs. Reilly was unable
               to provide the needed medical or financial assistance,
19              and the Reilly's [sic] relied on outside counsel who
               assured Mr. Reilly that as long as he filed estimated
20              taxes and no additional tax was due with the completed
               returns, he would not have any problems due to his
21              medical circumstances.  This situation led to the
               termination of their CPA, whom the Reilly's [sic] had
22              relied on for over 15 years.

23 (Compl., Ex. A.)

24     But this statement is too vague and contradictory to have put

25 the IRS on notice that there was no authorized person during the

26 tolling period.  It suggests that the Reillys managed their

27 financial affairs separately, but that does not necessarily mean

28 that Mrs. Reilly could not have been authorized to handle Mr.

1   Reilly's affairs, at least after 2008.  It also states that the

2   Reillys employed a CPA, who could also have been an authorized

3   person.   Thus, this statement by the physician, even ignoring the

4   technical deficiency of it being the statement of the wrong person,

5   could not have fairly put the IRS on notice that there was no

6   authorized person.   Thus, the Court cannot apply the substantial

7   compliance doctrine as to the wholly missing statement that there

8   was no person authorized to act on John Reilly's behalf.

9   **IV.   CONCLUSION**

10       Because Plaintiffs have not demonstrated that they have

11  complied with the requirements of 26 U.S.C. § 6511(h), the Court is

12  barred from exercising jurisdiction under 28 U.S.C. § 1346(a)(1).

13  Any amendment would be futile.   Accordingly, the Complaint is

14  DISMISSED with prejudice.

15

16  IT IS SO ORDERED.

17

18

19  Dated: September 10, 2015

20                                        DEAN D. PREGERSON
                                          United States District Judge

21

22

23

24

25

26

27

28