O

[CLOSED]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN REILLY and PATTY REILLY, | ) ) ) | Case No. CV 14-07936 DDP (PJWx) |
| Plaintiff, | ) ) | **ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION** |
| v. | ) ) | [Dkt. No. 25] |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

Presently before the Court is Plaintiffs' Motion for Reconsideration of the Court's September 10, 2015, Order Granting the Government's Motion to Dismiss. (Dkt. Nos. 24, 25.) Having considered the parties' submissions, the Court denies the Plaintiffs' Motion.

The facts and applicable law for this case are set forth in the Court's prior Order and are familiar to the parties, so the Court does not repeat them here. (See Dkt. No. 24.) Most important to this Motion is the fact that Plaintiffs never filed *any* kind of notice — strictly compliant with Rev. Proc. 99-21, § 4 or not — informing the Internal Revenue Service ("IRS") that

1   Plaintiffs had no person authorized to act on John Reilly's behalf

2   in regard to his financial affairs.   Some kind of notice is

3   necessary for the statutory tolling provision of 26 U.S.C. §

4   6511(h) to apply.

5         Plaintiffs argue that they attached a supplemental statement

6   of their CPA to their Opposition to the Government's Motion to

7   Dismiss and that this statement satisfied Rev. Proc. 99-21 in the

8   same way that the Court found the supplemental statement of

9   Plaintiffs' doctor satisfied the procedures to show John Reilly's

10  disability.   (Mot. at 3.)   However, the supplemental statement of

11  the doctor, which was also attached to Plaintiffs' Opposition, was

12  truly a supplement: the doctor had previously written a

13  substantially compliant note that was given to the IRS when

14  Plaintiffs first made their refund claim.   But unlike the doctor's

15  note, there is nothing that the CPA's statement can now supplement.

16  Plaintiffs did not provide any note to the IRS stating or implying

17  that John Reilly did not authorize anyone to act on his financial

18  behalf when Plaintiffs first filed their claim.   Thus, the IRS had

19  no notice of John Reilly's financial disability before the IRS

20  denied the claim.

21        Therefore, Plaintiffs' Motion is DENIED.

22

23  IT IS SO ORDERED.

24

25  Dated: November 3, 2015

26                                  DEAN D. PREGERSON
                                    United States District Judge

27

28